**CITY OF RENO v. SIERRA PACIFIC POW-ER CO.**

**No. 6178.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 3, 1930.

Le Roy F. Pike, City Atty., **and Sardis** Summerfield, both of Reno, Nev., for appellants.

Thatcher & Woodburn, Geo. B. Thatcher, and Wm. Woodburn, all of Reno, Nev., for appellee.

Before RUDKIN and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought by appellee, Sierra Pacific Power Company, a public utility corporation, to enjoin the appellant, city of Reno, a municipal corporation, and its officers, mayor, city engineer, and city attorney, from interfering with water meters it had already established, and with those it intended to establish, in the streets of the city of Reno in connection with its business of furnishing water to the inhabitants thereof. A restraining order was issued, and, after notice and hearing, the court granted a temporary injunction enjoining the appellants from interfering with the water meters already established by the appellee, but denying the injunction as to future installations. An appeal was taken from this order.

It is conceded by both sides that the evidence taken on this hearing for temporary injunction is not properly before this court. The sole question raised by the appeal is whether or not the complaint states a cause of action in equity for injunctive relief. We will proceed to a consideration of that question, although convinced that it might more properly be raised after a trial upon the issues presented by the answer and reply which have been filed subsequent to the order granting temporary injunction.

It is alleged that the installation of these meters is necessary for the proper conduct of the business of the appellee in furnishing water to the inhabitants thereof. It is expressly alleged that the meters are not installed for the purpose of fixing charges against the users and consumers of plaintiff in the city of Reno, and that as installed, the meters do not constitute obstructions in the streets or alleys or in any wise interfere with the use thereof by the public. Notice was served upon the appellee by the appellant mayor requiring it to move the meters, and in default thereof threatening that the city would within ten days thereafter remove the same.

The appellant bases its right to remove the meters upon an act passed by the Legislature of the state of Nevada in 1919 establishing a Public Service Commission and de-

282

fining its duties (Stat. of Nev. 1919, c. 109, p. 198). This statute imposed upon the Public Service Commission therein created the duty "to supervise and regulate the operation and maintenance of public utilities, as hereinafter named and defined, in conformity with the provisions of this act" (section 1). Section 7 of the act defines a public utility, and the business of the appellant of furnishing water to the inhabitants of the municipality is included therein. This section 7 provides:

"* * * And the public service commission is hereby invested with full power of supervision, regulation and control of all such utilities, subject to the provisions of this act and to the exclusion of the jurisdiction, regulation and control of such utilities by any municipality, town or village, unless otherwise provided by law."

Section 9 of the act provides that every public utility is required to furnish reasonably adequate service and facilities, and that charges for the service rendered must be just and reasonable.

It is provided that the commission may prescribe regulations for the management of the product furnished by the public utility. The statute (section 13) also provides that the consumer may have the quantity of the product or character of service rendered tested by the commission under certain conditions. To this provision for the measuring of quantity the following proviso on which the appellant relies is appended:

"* * * Provided that in cities of more than ten thousand population nothing contained in this act shall direct or permit the installation or the use of mechanical water meters or similar mechanical devices to measure the quantity of water served or delivered to water users."

It was because of this proviso that the appellee was notified by appellant to remove its water meters. If the Legislature of the state of Nevada had expressly prohibited the use of mechanical water meters for measuring the quantity of water delivered to the water users, the question presented for our consideration would be quite different from that now before us under the record. The appellee necessarily bases its right to install water meters on its franchise for the use of the streets of the city of Reno and upon the contention necessarily involved that such installation is not only reasonable but necessary for the performance of the obligations which it has assumed by the exercise of its rights under its franchise. We are not im-

mediately concerned with the power of the Legislature to control the use of the streets of the city by a public utility corporation serving the inhabitants thereof with water, for the Legislature has not acted in the matter except by delegating certain powers by said statute to the Public Utility Commission. If, as appellant contends, the installation of water meters is necessary to enable it to fulfill the obligations it has incurred under its franchise, that question may be considered without any embarrassment from the act of public authorities of the state. The state legislation providing for the Public Service Commission did not expressly prohibit public utility corporations from exercising their right, if any they had, to establish such meters. It authorized public utilities to act in the matter of the measuring of water and the regulation for such service, and particularly to measure the water in case of individual complaints, and in that connection enacted the proviso hereinabove set forth, that nothing in the act should direct or should permit the installation of mechanical water meters. It does not prohibit the installation of such mechanical water meters. The most that can be said concerning the matter is that the Public Service Commission may be thereby prohibited from authorizing, requiring, or affirmatively permitting the installation of water meters, although upon this question we express no opinion. It is sufficient for the purpose of this appeal to again call attention to the fact that the statute does not either expressly or by implication purport to prohibit the installation of mechanical water meters.

It should also be observed in this case that we have here no prohibition by the state Legislature, none by the Public Service Commission, in which it is conceded jurisdiction has been vested by the state to regulate public utilities to the exclusion of the city; nor have we any action by the legislative authority of the city, if it has any power in the matter, in reference to the installation of water meters in the city of Reno. In view of the allegation of the complaint that the installation of water meters as established and proposed by the appellee is a necessary incident to the conduct of the business of supplying water for the citizens of Reno, the complaint states a cause of action for injunctive relief, for the reason that, if such installation is necessary for such purposes, it is not only authorized but is required by the duties imposed upon the appellant by virtue of the obligations it has assumed in the exercise of franchise rights in the city of Reno. It is

true that the terms of the appellant's franchise are not set forth in the complaint, but under the allegations thereof we must assume on this appeal that appellant has the right, and is under obligation, to furnish water to the citizens of Reno, and that it has the right for that purpose to use the public streets of that city so far as necessary for that purpose. City of Owensboro v. Cumberland T. & T. Co., 230 U. S. 58, 33 S. Ct. 988, 57 L. Ed. 1389; Boise City v. Boise Artesian Hot & Cold Water Co., 230 U. S. 84, 33 S. Ct. 997, 57 L. Ed. 1400; McQuillan on Mun. Corp. (1st Ed.) § 1687 (2d Ed.) vol. 4, p. 821, § 1818.

The complaint states a cause of action, and the order for temporary injunction was within the discretion of the trial court. The alleged error in the granting of the restraining order is not properly before us, as that order was merged in the temporary injunction which was properly issued after due notice.

Order affirmed.